# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL DAVITT,

    Plaintiff,

vs.

HOWARD SKOLNIK, *et al.*,

    Defendants.

3: 09-cv-0119-ECR-VPC

**ORDER**

Plaintiff, an inmate at Ely State Prison, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Docket # 1-2).

**Screening Standard Pursuant to 28 U.S.C. § 1915A**

The court must screen plaintiff's complaint pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

1       In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

      Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

      All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**Screening of Complaint**

This court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. §1915A. Plaintiff brings this action against the following individuals: Howard Skolnick, Director of

the Nevada Department of Corrections; and Patrick Conmay, Nevada Department of Corrections. Plaintiff seeks injunctive relief.

Plaintiff alleges that "prison employees systemically are not filing written emergency grievances mandated by NDOC regulations." Plaintiff does not identify the prison employees in question.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]   . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979);  *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To show a *prima facie* case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional

1 violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993).

In this case, plaintiff alleges only that defendant Skolnick "sees to prison system employees file emergency grievances," and that defendant Conmay, "investigates prison employees not filing emergency grievances." The court finds as a matter of law that these allegations are insufficient to support a claim that either defendant personally subjected plaintiff to a deprivation of a constitutional right. Further, the court finds that plaintiff has failed to allege any facts to support a claim against either defendant based on supervisory liability. Because plaintiff has failed to link the named defendants with any affirmative act or omission, both defendants must be dismissed from this action.

Further, the court finds that plaintiff seeks relief which this court cannot grant. Specifically, plaintiff seeks to have defendants removed from government employment and to have "new competent employees" hired. Such removal and hiring would have to be done by the State of Nevada, which is not a party to this action. This court lacks the authority to issue orders to an entity which is not a party. Further, the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991)(citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). Nevada explicitly has retained its full eleventh amendment immunity. Nev.Rev.Stat. 41.031(3). Thus, the State of Nevada cannot be named as a defendant in this action and the court lacks the authority to grant the relief which plaintiff seeks.

**IT IS THEREFORE ORDERED** that the clerk shall file the complaint (Docket #1-2).

**IT IS FURTHER ORDERED** this action is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. The Clerk of the Court is directed to enter judgment accordingly and to close this case.

Dated this 11th day of June, 2009.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE